SECOND DIVISION
March 31, 2008

No. 1-06-3213

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| v. | ) | |
| | ) | |
| SISAY BILELEGNE, | ) | Honorable |
| | ) | Jim Ryan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE SOUTH delivered the opinion of the court:

This appeals arises from an order of the circuit court of Cook County which denied defendant's motion to withdraw his plea of guilty to the offense of domestic battery.

Defendant, Sisay Bilelegne, was charged with two misdemeanor counts of domestic battery to Y.W., an 11-year-old family member, in that "he struck him in the left shin with a baseball bat, struck him in the left knee with a hammer, and whipped him with an electric cord" on March 11, 2006, and "struck him with a stick across the leg on March 30, 2006." Pursuant to an offer of two years' probation, parenting classes, anger management classes, $385 in fees, no unlawful contact order of protection, and a mental health evaluation, defendant pled guilty. During the plea hearing, the court went through the standard litany of admonishments:

"THE COURT: Do you understand by pleading guilty

today you give up your right to see and hear witnesses that would

testify against you, present your own witnesses, or remain silent,

say nothing, require the State's Attorney to prove you guilty beyond a reasonable doubt. Do you understand you're giving up that right?

A. Right.

THE COURT: Do you understand I could sentence you from 1 to 364 jails Cook County Jail, fine you up to $2,500, for this offense?

A. Yes.

THE COURT: Has anybody threatened or promised you anything to plead guilty?

A. No.

THE COURT: Pleading guilty of your own free will.

A. Yes."

After determining there was a stipulation to the factual basis for the charges, the court entered a finding of guilty to domestic battery and sentenced defendant in accordance with the terms of the offer. Subsequently, the court advised defendant of his right to file a motion to vacate his plea of guilty and sentence and his right to appeal.

On August 22, 2006, defendant filed an amended motion to withdraw his plea of guilty and vacate the judgment. In that motion he alleged he was a "foreign-born, legal permanent resident of the United States but not a citizen," and that his native language is Amharic, not English. He further alleged that at the time he pled guilty, the court failed to inquire of him as to

whether he was a citizen of the United States, the significance of which was that a conviction pursuant to section 113-8 of the Code of Criminal Procedure (725 ILCS 5/113-8 (West 2006)) is a deportable offense for a noncitizen and that, therefore, the plea was not entered into knowingly and intelligently. The motion further alleged that the court did not ask defendant if he needed an interpreter and a proper factual basis was not given to support the finding of guilty.

After a hearing on the motion, the court determined that defendant was asked if he understood English, and he said he did, and it was clear to the court that he understood English and did not need an interpreter. The court also determined there was a sufficient factual basis to support the plea based upon the stipulation. Lastly, the court found that while Supreme Court Rule 402 (177 Ill. 2d R. 402) was mandatory, section 113-8 was directory. The court went on to state:

> "The Court also finds that the 725 ILCS 5/113-8, with regard to discussing issues related to immigration, is collateral issues. It does not go to whether or not Mr. Sisay knowingly and voluntarily pleaded guilty. *** The defendant, in his affidavit, never indicates that his guilty plea was never knowingly or voluntarily, [*sic*] or that he did not understand his rights under the law. Accordingly, the defendant's motion to vacate his plea of guilty will be denied."

Defendant has raised two issues: (1) whether it is mandatory for courts to advise defendants pursuant to section 113-8 prior to accepting a plea of guilty in misdemeanor and

1-06-3213

felony cases; and (2) whether it was an abuse of the court's discretion to deny the motion to withdraw the plea of guilty where it failed to advise defendant of the immigration consequences pursuant to section 113-8 (725 ILCS 5/113-8 (West 2006)) and the offense charged is a deportable offense that precludes naturalization under the law of the United States.

Generally, the decision on a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard. People v. Pullen, 192 Ill. 2d 36 (2000). However, where the trial court hears no testimony and bases its decision entirely upon documentary evidence, " 'the rationale underlying a deferential standard of review is inapplicable, and a reviewing court will make an independent decision on the facts.' [Citation.]" Northwest Diversified, Inc. v. Mauer, 341 Ill. App. 3d 27, 33 (2003). Inasmuch as no testimony was taken at the hearing on the motion to withdraw the plea of guilty and defendant stood on his affidavit, we review this issue *de novo*.

Section 113-8 provides in pertinent part:

> "Before the acceptance of a plea of guilty, guilty but
> mentally ill, or nolo contendere to a misdemeanor or felony offense,
> the court shall give the following advisement to the defendant in
> open court:
>
> 'If you are not a citizen of the United States, you are hereby
> advised that conviction of the offense for which you have been
> charged may have the consequences of deportation, exclusion from
> admission to the United States, or denial of naturalization under the
> laws of the United States.' " 725 ILCS 5/113-8 (West 2006).

1-06-3213

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. People v. McClure, 218 Ill. 2d 375, 381 (2006). The best evidence of legislative intent is the language of the statutes. McClure, 218 Ill. 2d at 382. "When possible, the court should interpret the language of a statute according to its plain and ordinary meaning." McClure, 218 Ill. 2d at 382. "If intent can be determined from the plain language of the statute, there is no need to resort to interpretive aides." McClure, 218 Ill. 2d at 382. However, "[w]here the meaning of a statute is unclear from a reading of its language, courts may look beyond the statutory language and consider the purpose of the law, the evils it was intended to remedy, and the legislative history of the statute." Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 181 (2007).

" 'Legislative use of the word "may" is generally regarded as indicating a permissive or directory reading, whereas use of the word "shall" is generally considered to express a mandatory reading.' " People v. Robinson, 217 Ill. 2d 43, 53 (2005), quoting People v. Reed, 177 Ill. 2d 389, 393 (1997). However, the word "shall" does not control the outcome and is not determinative. Robinson, 217 Ill. 2d at 53. When a statute expressly prescribes a consequence for the failure to obey its provision, that is very strong evidence the legislature intended that consequence to be mandatory. Robinson, 217 Ill. 2d at 54. We note that section 113-8 does not provide a consequence in the event the circuit court fails to admonish a defendant of the immigration consequences of a guilty plea. For that reason, since no consequence is prescribed, the meaning of the term "shall" remains unclear, and this court may look to the statute's legislative history for guidance.

- 5 -

1-06-3213

As originally proposed by the Illinois General Assembly, section 113-8 provided that, where the deportation admonishment was not given, the court was required to vacate the defendant's plea of guilty if the defendant demonstrated to the court's satisfaction that the guilty plea may have immigration consequences. See Legislative Synopsis & Digest, 93d Ill. Gen. Assem. 2003-2004, at 43. At the third reading of the bill, Senator Silverstein, one of the bill's sponsors, stated:

> "Senate Bill 43 basically says that before a plea is given in a felony
> or a misdemeanor case, the court must admonish the defendant that
> a plea could result in deportation or exclusion from *** admission
> to the United States or deny naturalization. *We gutted the bill. ***
> [T]his will just be an advisement by the court*." (Emphasis added.)
> 93d Ill. Gen. Assem., Senate Proceedings, March 19, 2003, at 4
> (statements of Sen. Silverstein).

The elimination of the penalty for noncompliance together with Senator Silvestein's acknowledgment that section 113-8 admonishment was an "advisement" strongly suggests that the legislature did not intend that the giving of the immigration consequences admonishment is mandatory.

Inasmuch as there is no Illinois case which addresses this issue, defendant relies on State v. Yanez, 150 Ohio App. 3d 510, 782 N.E.2d 146 (2002), in which the Ohio court construed its statute requiring immigration admonishments prior to a guilty plea. Unlike section 113-8, the Ohio statute mandates a consequence in the event the trial court fails to admonish a defendant of

the immigration consequences of a guilty plea to a criminal charge.  In that event, the trial court must allow a defendant to withdraw his or her plea of guilty.  Yanez, 150 Ohio App. 3d at 512-13, 782 N.E.2d at 148.  The Yanez court stated that the Ohio legislature "transformed the otherwise collateral consequences of a guilty plea into direct consequences."  Yanez, 150 Ohio App. 3d at 513, 782 N.E.2d at 149.  However, as previously noted, no consequences prevail under the Illinois statute.

Our supreme court has recognized deportation to be a collateral consequence of a guilty plea and, as such, it is the responsibility of counsel, not the court, to advise a defendant that he or she risks deportation by pleading guilty.  People v. Correa, 108 Ill. 2d 541, 550 (1985).  Furthermore, Supreme Court Rule 402 (177 Ill. 2d R. 402) does not require that a defendant be advised of the deportation consequences of his plea.

In People v. Pequeno, 337 Ill. App. 3d 537 (2003), the court explained the distinction between a direct consequence and a collateral consequence of a guilty plea:

> "A direct consequence of a plea, of which a defendant must be informed, ' "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." ' [Citation.]  In other words, the trial court is obligated 'to ensure that a defendant understands [that] the direct consequences of his or her plea encompasses only those consequences of the *sentence* that the trial judge can impose.' [Citation.]  Conversely, a collateral consequence ' "is one that is not related to the length or nature of the sentence

1-06-3213

imposed on the basis of the plea" ' and generally results from an 'action taken by an agency that the trial court does not control.' [Citation.]" (Emphasis in original.) Pequeno, 337 Ill. App. 3d at 545.

We, therefore, conclude that section 113-8 is directory, and the trial court did not err by denying defendant's motion to withdraw his plea of guilty.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN, P.J., concurs.

JUSTICE HALL, dissenting:

The majority finds that the legislature's use of the term "shall" in section 113-8 is directory and not mandatory because the statute imposes no penalty and because one of the bill's sponsors referred to it as an "advisement." As a result, the defendant was not entitled to withdraw his plea of guilty even though he was unaware that his guilty plea subjected him to deportation consequences, the very result section 113-8 was created to avoid.

The majority cites Senator Silverstein's remark that the proposed statute was "advisement," and the fact that the penalty had been removed from the bill to support its position. Black's Law Dictionary defines "advisement" as "[c]areful consideration[.]" Black's Law Dictionary 55 (7th ed. 1999). Despite removing the penalty from the bill, the fact that the legislature did not remove the word "shall" from the bill prior to its enactment, strongly suggests that the legislature intended that courts alert defendants contemplating pleading guilty to give

1-06-3213

careful consideration to the immigration consequences.

As noted by the majority, in addition to the legislative history, we may also consider the purpose of the law and the evils it was intended to remedy. In this regard the remarks of Representative Delgado, prior to the vote in the House of Representatives on Bill 43 are pertinent. He noted "'[u]nder current law, Illinois Courts are not required to inform a noncitizen defendant pleading guilty to a misdemeanor or felony that it may affect his or her INS status. An immigrant['s] INS status can or may be affected in numerous, very complex ways by the entry of a guilty plea to a criminal charge." 93rd Gen. Assem., House of Representatives, May 7, 2003, at 72-73 (statements of Representative Delgado).

Representative Delgado's remarks illustrate the legislature's awareness that, under Illinois law, defendants had no right to be advised of immigration consequences and that the gravity of these consequences required a change in the law. To construe the statute as directory rather than mandatory defeats the very purpose of the statute. As a practical matter, as construed by the majority, the enactment of section 113-8 effects no change in the law.

While ultimately the defendant may not have been entitled to the withdrawal of his guilty plea, the lack of the section 113-8 admonishment was a necessary factor to be considered by the trial court in its determination of the defendant's motion. The majority's decision ignores the purpose of the law and what it was intended to remedy and thwarts the legislative intent to change the state of Illinois law and advise defendants of the immigration consequences of a guilty plea.

I respectfully dissent.